IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TRAVIS MANNING                                                                                    PETITIONER
ADC #1444583


V.                              CASE NO. 5:11CV00263 JMM-JTK

RAY HOBBS, *Director*
Arkansas Department of Correction                                                      RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Travis Manning, an inmate of the Arkansas Department of Correction, has filed a petition for writ of habeas corpus. Mr. Manning entered into a negotiated plea of guilty in Union County Circuit Court for drug-related offenses, and he received a sentence of 360 months' imprisonment. (Response to Amended Petition, DE #25, at Exhibit 1) In the original Petition, Manning listed the following grounds for relief:

1. Petitioner is the rightful owner of the items seized;

2. Petitioner was undergoing a mental evaluation during the civil forfeiture proceedings and had no time to prepare for it;

3. The Arkansas State Hospital never completed the court-ordered mental health evaluation; and

      4.      The prosecuting attorney, presiding judge and other court officials had twelve (12) months to prepare for and decide the civil forfeiture case.

(Petition, DE #2, at 5-9)  In response to the Petition, Respondent filed a Motion to Dismiss, DE #12, and Brief in Support, DE #13, to which Petitioner replied, DE #14.

On December 21, 2011, the undersigned issued a Proposed Findings and Recommendation, DE #15, that Respondent's Motion to Dismiss the petition be granted. Petitioner timely filed an objection to this recommendation, DE #17, and in it, he requested permission to file an amended petition.  The Court granted Petitioner leave to file an amended petition and gave Respondent the opportunity to answer.  (Order, DE #20) The matter was again referred to the undersigned for disposition.

As a preliminary matter, the undersigned must address the effect the Amended Petition has on the original Petition and the Motion to Dismiss.  An amended complaint "ordinarily supersedes an original complaint and renders it of no legal effect." *In Home Health, Inc. v. Prudential Ins. Co. of America*, 101 F.3d 600, 603 (8th Cir. 1996); *see also In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000); *United States v. Gentry*, 119 F. 70, 75 (8th Cir. 1902) ("An amended complaint, which is complete in itself, and which does not refer to or adopt the original complaint as a part of it, entirely supersedes its predecessor, and becomes the sole statement of the plaintiff's cause of action.")  Nevertheless, pro se complaints, typically, should be construed liberally.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Plaintiff's original and amended petitions mention claims regarding a mental health evaluation; thus, the undersigned will give Petitioner the benefit of the doubt and incorporate the claims by reference. Respondent's Motion to Dismiss, DE #12, filed in response to the original Petition, however,

appears moot. In answer to the Amended Petition, Respondent makes no mention of the Motion to Dismiss. *See Brown Sheet Iron & Steel Co. v. Maple Leaf Oil & Refining Co.*, 68 F.2d 787, 788 (8th Cir. 1934) (noting the Court need not "give attention to the previous pleadings," as they were "superceded by the second amended complaint."). In any event, the Motion to Dismiss related to incognizable habeas claims, and the Respondent has fully addressed the issues raised in the Amended Petition. Thus, the undersigned finds the Motion to Dismiss, DE #12, moot. Further, the undersigned's previous Proposed Findings and Recommendation, DE #15, is withdrawn.

    Petitioner's Amended Petition contains the following grounds for relief :

1. Dr. Charles Mallory, who requested that Petitioner be subject to a two week hospital stay, never completed Petitioner's full mental health examination after a referral from Dr. William Peel because the Union County Sheriff's Office failed to transport him to the Arkansas State Hospital, thereby violation Petitioner's constitutional rights;

2. Comments made by the former Chief Deputy of the Union County Sheriff's Office to Dr. Mallory were racially motivated and these comments played "a major role in the process of getting Petitioner, Travis Manning, railroaded straight to prison for thirty (30) years without proper due process[;]"

3. "White men," like William "Bill" Sanders and Bruce Sellers, "arrested and prosecuted in Union County are not given the equal amount of time to serve in prison as "Negro men."

Respondent admits Petitioner is in his custody pursuant to these convictions and that Petitioner does not have any non-futile state remedies available to him. Respondent contends, however, that the Amended Petition should be dismissed on various grounds.

    In his reply, Petitioner states that his petition should not be dismissed because, on or about February 25, 2009, he and his family—facing an unreasonably high bond and no real legal

counsel—negotiated a thirty-year plea agreement "because they knew [he] was [under] mental distress and also under order of mental examination by the Court."

Petitioner states that he was "railroaded to prison," this time by the court not making any transcripts of court hearings. He claims his second mental health examination with Dr. Mallory took "only two minutes" in the Arkansas State Hospital parking lot while he was barricaded inside the back of a caged police van. He claims Dr. Mallory "ordered" that he be "rescheduled and brought back" to the hospital for at least fourteen days of observation and that the "Union County Sheriff and the Courts" never transferred him back to the hospital, thus violating the order of Dr. Mallory and his due process rights. (Reply, DE #26, at 1-11)

Petitioner entered his guilty plea on May 8, 2009. Because he entered an unconditional plea of guilty, he was not permitted to file a direct appeal. *See* Ark. R. App. P. - Crim. 1(a) ("Except as provided by [Ark. R. Crim. P.] 24.3(b) there shall be no appeal from a plea of guilty or nolo contendere."); *see also Payne v. State*, 327 Ark. 27, 28, 937 S.W.3d 160, 161 (1997) ("The law is well settled that a defendant ordinarily does not have a right to appeal a guilty plea except as provided in Rule 24.3(b).").

Under Arkansas law, all grounds for state post-conviction relief are to be brought in a Rule 37 petition. Ark. R. Crim. P. 37.2(b). This includes all claims that a sentence was imposed in violation of federal or state law, including challenges to the validity of a guilty plea. Ark. R. Crim. P. 37.1 and 37.2(b); *see also Graham v. State*, 358 Ark. 296, 188 S.W.3d 893 (2004). When conviction is rendered pursuant to a guilty plea, a Rule 37 petition must be filed, in the circuit court that imposed the sentence, within ninety (90) days from the date of entry of the judgment

of conviction. Ark. R. Crim. P. 37.2(c).

Here, the record does not indicate that Petitioner entered conditional pleas of guilty pursuant to Ark. R. Crim. P. 24.3(b) or that he filed a petition for post-conviction relief under Ark. R. Crim. P. 37.2 within ninety days of the judgment. Thus, his claims are procedurally defaulted due to his failure to raise them in a timely Rule 37 petition. *See Moore-El v. Luebbers*, 446 F.3d 890, 896-97 (8th Cir. 2006) (noting petitioner "must present both the factual and legal premises" of a claim to each appropriate state court and afford those courts "a 'fair opportunity' to review its merits"). While the federal habeas statue provides for a tolling of the limitation period for the time "during which a properly filed application for State post-conviction or other collateral review . . . is pending," 28 U.S.C. § 2244(d)(2), this tolling language is of no assistance to Petitioner because no petition of any sort was filed.

A claim that has been procedurally defaulted will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or in the alternative, that there would be "fundamental miscarriage of justice" if the federal court declined to consider the claim." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To the extent Petitioner's claims of mental incompetence and ineffective assistance of counsel can be construed as raising grounds for excusing his procedural default, they must fail. The Eighth Circuit has held that "[f]or purposes of reviewing a defaulted constitutional claim, 'the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule.'" *Greer v. Minnesota*, 493 F.3d 952, 958 (8th Cir. 2007) (quoting *Murray*

*v. Carrier*, 477 U.S. 478, 488 (1986)). An ineffective assistance of counsel claim can be cause for procedural default of a habeas claim if presented to the state court as an independent ground. *See Watts v. Norris*, 356 F.3d 937, 941 (8th Cir. 2004). Here, Petitioner failed to present any claims in state court.

Further, "[u]nless a federal habeas petitioner makes a conclusive showing of incompetency . . . , his alleged mental condition will not establish cause to excuse a procedural default." *Id.* at *7. Although due process prohibits the trial and conviction of a mentally incompetent person, *Drope v. Missouri*, 420 U.S. 162 (1975), absent some contrary indication, both state and federal trial judges presume a defendant to be competent. *Branscomb v. Norris*, 47 F.3d 258, 261 (8th Cir. 1995). A defendant is competent if he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam)). The competency standard is the same whether a defendant is proceeding to trial or if he is pleading guilty. *Godinez v. Moran*, 509 U.S. at 398-402.

The trial court ordered a mental health evaluation twice and conducted a competency hearing before Petitioner entered his plea. *See Vogt v. United States*, 88 F.3d 587, 590 (8th Cir. 1996) (due process only requires that a criminal defendant be given a competency hearing when there is evidence raising a sufficient doubt as to whether he is competent to stand trial). The two evaluations were incomplete because Petitioner refused to cooperate. While neither doctor made a finding regarding competency due to Petitioner's lack of cooperation, Dr. Mallory was

able to determine that Petitioner had no symptoms of mental disorder apart from conditions associated with personality disorder of an antisocial type. Dr. Mallory concluded Petitioner did not suffer from mental disease or defect, and he determined that Petitioner knew right from wrong and that his actions, such as representing himself and conducting cross-examination and argument in a forfeiture hearing, were supportive of competency. (Response to Amended Petition, DE #25, Exhibits 2 and 3) *See generally Simmons v. Luebbers*, 299 F.3d 929, 933-34 (8th Cir. 2002) (attorney's failure to conduct an additional investigation into his competency status was not unreasonable where defense counsel had already possessed four mental health reports for petitioner, who refused to cooperate with at least three of the psychiatrists, and only one of the mental health professionals concluded that petitioner was incompetent). The trial court ruled that it was Petitioner's burden to present evidence of incompetency and that, until he did so, he was considered competent. *Id.* at Exhibit 3. *See Deason v. State*, 263 Ark. 56, 59, 562 S.W.2d 79, 81 (1978) ("[T]he burden of proving incompetence is upon the defendant."). The undersigned concludes that the Petitioner has not made a conclusive showing of incompetency.

The following represents the colloquy between the trial court and Petitioner in the taking of his plea:

| | |
|---|---|
| COURT: | Okay. Is this plea of your own free will? What I mean, sir, has anybody threatened you or forced you to do this? |
| PETITIONER: | No, sir, I just didn't have no other option. |
| | . . . |
| COURT: | You understand fully what you're doing here this morning? That's why I ask that question. You understand what you're doing here this morning? |

| | |
|---|---|
| PETITIONER: | I got a partially [sic] understanding, not the fully, but I got a partially [sic] understanding. |
| COURT: | Okay. What is your understanding? |
| PETITIONER: | That I'm entering a plea on those charges for a thirty year I believe sentence and that's about all. |
| DEFENSE COUNSEL: | You're doing that to not go to trial. You're doing this instead of going to [trial]. Do you understand that? |
| PETITIONER: | Right. |
| DEFENSE COUNSEL: | And you're choosing to do that? |
| PETITIONER: | Yes, sir. |
| DEFENSE COUNSEL: | Even though you felt like you had no choice, it's still your choice? |
| PETITIONER: | Yes, sir. |
| COURT: | Do you understand that under the Constitutions [sic] of the United States if you enter a plea of guilty you give up your right to remain silent, to confront the witnesses the State has against you and a [trial] by jury? You understand you give those up if you enter a plea of guilty? |
| | . . . |
| PETITIONER: | I understand now that you've explained it to me. |

(Response, DE #29-6, Exhibit 9, at 4-5) Whether a plea of guilty was constitutionally voluntary is a question of federal law, but the state court's underlying findings of fact are entitled to the presumption of correctness. *See Hunter v. Bowersox*, 172 F.3d 1016, 1022 (8th Cir. 1999). Courts must ensure the plea "represents a voluntary and intelligent choice among the alternative course of action open to the defendant." *Id.* at 1023 (8th Cir. 1999) (quoting *North Carolina v. Alford*,

9

400 U.S. 25, 31 (1970)). However, when a guilty plea is entered by an accused who is represented by counsel, that guilty plea is deemed to be valid unless it can be demonstrated that counsel's assistance was incompetent and ineffective. *McMann v. Richardson*, 397 U.S. 759 (1970).

Here, the Judgment and Commitment Order indicated that Petitioner voluntarily, knowingly, and intelligently entered a negotiated plea of guilty. (Response to Amended Petition, DE #25, Exhibit 1); *see Pate v. Robinson*, 383 U.S. 375, 384-85 (1966) (holding due process requires that a defendant be competent to plead guilty). Petitioner has not presented any evidence that he did not understand the nature of the plea proceeding or that he entered his plea involuntarily. The plea transcript provides evidence that he understood the consequences of his guilty plea and that he entered it voluntarily. *See Brown v. Armontrout*, 898 F.2d 84, 87 (8th Cir.) (affirming denial of habeas relief because plea transcript showed that plea was knowing and voluntary), *cert. denied*, 498 U.S. 868 (1990).

In summary, Petitioner's claims are procedurally defaulted, and he has not demonstrated cause and prejudice or a fundamental miscarriage of justice. Accordingly, this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus should be dismissed in its entirety with prejudice. The Motion to Dismiss, DE # 12, should be denied as moot. Furthermore, the Court should not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

IT IS THEREFORE ORDERED THAT:

    1.    The Motion to Dismiss, DE #12, is MOOT;

    2.    The undersigned's previous Proposed Findings and Recommendation, DE #15, is WITHDRAWN; and

      3.      This petition is DISMISSED with PREJUDICE.

SO ORDERED this 9th day of May, 2012.

                                                         _____
                                                         UNITED STATES MAGISTRATE JUDGE